O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) | Case No. CV 10-07312 DDP (PLAx) |
| Plaintiff, | ) ) | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | ) ) ) | |
| DIANA Y. QUADRON, | ) ) | |
| Defendant. | ) ) | |

The court orders Defendant to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff filed this action in state court against Defendant, alleging that Defendant unlawfully detained Plaintiff's property. In Plaintiff's Complaint, Plaintiff states that the amount demanded does not exceed $10,000.

On September 30, 2010, Defendant timely removed to this court, asserting diversity jurisdiction. Defendant sets forth the legal standard for federal jurisdiction — that the court has federal question jurisdiction, that the amount in controversy exceeds $75,000, and that there is complete diversity of parties — however, Defendant offers no facts in support of a finding that either

1  federal question or diversity jurisdiction is satisfied here.
2  (Notice of Removal 2: 14-17, 3:18-25.)
3       Under 28 U.S.C. § 1441(b), a defendant may remove to federal
4  court "[a]ny civil action of which the district courts have
5  original jurisdiction founded on a claim or right arising under the
6  Constitution, treaties or laws of the United States . . . ."
7  "Under the longstanding well-pleaded complaint rule, however, a
8  suit 'arises under' federal law only when the plaintiff's statement
9  of his own cause of action shows that it is based upon federal
10 law." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)
11 (internal quotation marks and citation omitted).  "Federal law
12 cannot be predicated on an actual or anticipated defense . . . .
13 Nor can federal question jurisdiction rest upon an actual or
14 anticipated counterclaim." Id. (citations omitted). Here, nothing
15 on the face of Plaintiff's complaint suggests a federal question,
16 and Defendant offers no support for Defendant's assertion that the
17 matter presents a federal question.
18      Alternatively, a federal court may exercise diversity
19 jurisdiction when there is complete diversity between the parties
20 and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.
21 While Defendant avers that this court has diversity jurisdiction,
22 it is not clear to the court that either complete diversity of
23 parties or the amount in controversy requirement is satisfied.
24      Accordingly, the court orders the parties to file cross-
25 briefs, not to exceed ten pages, by Friday, February 25, 2010, to
26 show cause why this action should not be remanded for lack of
27 subject matter jurisdiction. The parties should also deliver a
28 courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring

Street, Los Angeles.  The court notes that the Defendant has the burden of establishing removal jurisdiction. If a party does not file a brief, the court will regard the party as not opposing remand of this matter.

IT IS SO ORDERED.

Dated: February 9, 2011

DEAN D. PREGERSON
United States District Judge